IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Action No. 22cv01672-GPG

**Plaintiff**
Reed McDonald (aka) The Vine Ranch Farm.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 22 2022

JEFFREY P. COLWELL
CLERK

v.

**Defendant,**
Jefferson County, Colorado/Board of County Commissioners in their official and individual capacities,

**Defendant**
Jefferson County, Colorado a quasimunicipal corporation and political subdivision of the State of Colorado;

**Defendant**
Jermery Cohen in his individual capacity/and his capacity as Supervisor for Jefferson County, Colorado, Planning and Zoning;

**Defendant**
Amy Reistroffer in her individual capacity/and her capacity as employee for Jefferson County, Colorado Planning and Zoning;

**Defendant**
Madison Pitts in her individual capacity/his capacity as employee for Jefferson County, Colorado Public Health;

**Defendant**
Aly Dressler in her individual capacity/his capacity as employee for Jefferson County, Colorado Public Health;

**Defendant**
John/Jane Doe, individuals who filed false public complaints against the Reed McDonald's farm known as the Vine Ranch Farm.

**PLAINTIFF'S VERIFIED COMPLAINT WITH JURY DEMAND**

1

## BACKGROUND

This case concerns the illegal trespass by Jefferson County government employees of Reed McDonalds gated private road and unreasonable search of Reed McDonalds' private property, farm office and storage shed without warrant on the subject farm. The subject farm is known as the Vine Ranch Farm and is located at 14309 Elk Mountain Trail, Littleton, Colorado in unincorporated by Jefferson County, Colorado.

Jeffco's government employees have repedatly trespassed Plaintiff's gated private road and surveilled and conducted unreasonable search of the private property on or about July of 2018; June of 2019; May of 2020; August of 2021 and again during 2022 without warrant.

## I.   JURISDICTION & AUTHORITY

This Court pursuant to 28 U.S.C. §1331 "shall have original jurisdiction over all civil actions arising under the Constitution, law, or treaties of the United States"

This Court pursuant to 28 U.S.C. §1367 "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

This Court pursuant to 42 U.S.C. §1983 shall hold jurisdiction for every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer

for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

## II.   PARTIES

Plaintiff; Reed K. McDonald is a disabled person who farms a rural agricultural zoned property in unincorporated Colorado, Jefferson County, located at 14309 Elk Mountain Trail, Littleton, Colorado 80127.

Defendant; Colorado Jefferson County is a Colorado a quasimunicipal corporation and political subdivision of the State of Colorado, located at 100 Jefferson County Parkway, Golden, Colorado 80419.

Defendant, Jeremy Cohen is the Supervisor for Jefferson County, Colorado Zoning Inspection and is an employee of Jefferson County, Colorado whose business address is 100 Jefferson County Parkway, Golden, Colorado 80419.

Defendant, Amy Reistroffer is an employee of Jefferson County, Colorado, Planning and Zoning whose business address is 100 Jefferson County Parkway, Golden, Colorado 80419.

Defendant, Madison Pitts in her individual capacity/his capacity as employee for Jefferson County, Colorado Public Health, whose business address is 645 Parfet Street, Ste W201, Lakewood, Colorado 80215.

Defendant, Aly Dressler in her individual capacity/his capacity as employee for Jefferson County, Colorado Public Health, whose business address is 645 Parfet Street, Ste W201, Lakewood, Colorado 80215.

Defendant, John/Jane Doe are concealed individuals who have filed numerous false public complaints against the subject Colorado farm, address unknown.

## I.   INTRODUCTION

1.   In this case, Jefferson County, Colorado (Jeffco) admits it trespassed numerous times Reed McDonald's gated private road and farm property. Jeffco, after trespassing the gated private road then drove miles on the farm's private road and conducted a search of the subject farm property without warrant. Thus, Jeffco's acts are of unreasonable search, is a violation of the fourth and

3

fourteenth Amendment of the United States Constitution and Supreme Court precedent in *See v. City of Seattle*, 387 U.S. 541 (1967) and *Camara v. Municipal Court*, 387 U.S. 523 (1967).

2. This dispute arises from Colorado, Jefferson County's (Jeffco) violation of Plaintiff's 4th, and 14th Amendment rights, regarding Jeffco's illegal trespass and illegal search and seizure of the subject farm private property without warrant.

3. Jeffco believes it has a right and has a stated policy of trespass and unreasonable search of private property because it is a government entity. Jeffco believes because it's a government agency it can trespass and search private property without warrant.

4. Reed McDonald is an owner of a rural farm operation known and registered with the State of Colorado as the Vine Ranch Farm. Located at 14309 Elk Mountain Trail, Littleton Colorado. See CO #20181287896. Mr. McDonald has farmed this agricultural zoned property since 2017; historically this agricultural property has always been zoned and used as agricultural land since its existence.

5. Jeffco's government employees trespassed Plaintiff's gated private road on or about July of 2018; June of 2019; May of 2020; August of 2021 and again during 2022. Jeffco warned of their unconstitutional acts stated they were allowed to violate the United States Constitution because they were a governmental agency. Jeffco also refusing to adhere to rulings of the Supreme Court of the United States in *Camara v. City of San Francisco*, 387 U.S. 523 (1967); *See v. City of Seattle*, 387 U.S. 523 (1967) and the United States Constitution.

6. After trespassing this farmer's gated private road, Jeffco's government employees drove several miles on Plaintiff's private road to site of his farm. Thereafter, Jeffco again trespassed, surveilled, and conducted a search of the Plaintiff's private property without warrant and without Plaintiff's knowledge or presence.

4

7. This type of case against a working farm has already been heard and decided in Colorado's Appellate Court in case #2013ca1806. In that appellate case, the court ruled in favor of the subject farm operation. See Amicus Brief by Colorado's Department of Agriculture and then Governor, the honorable John W. Hickenlooper.

8. In addition, Jeffco's constitutional violations of trespass and unreasonable search against Plaintiff have already been decided by the Supreme Court of the United States in <u>Camara v. City of San Francisco, 387 U.S. 523 (1967)</u> and <u>See v. City of Seattle, 387 U.S. 523 (1967)</u>.

9. In <u>Camara</u> & <u>See</u>, the Supreme Court of the United States was asked if a county/city government-employee could surveil and search an individual's business and private property without warrant. Camara was charged with violating the San Francisco Housing Code refusing, after three efforts by city housing inspectors to secure his consent, to allow a warrantless inspection of the ground-floor quarters which he leased and residential use of which allegedly violated the apartment building's occupancy permit. Thereafter, Camara was arrested and incarcerated. Camara claiming the inspection ordinance unconstitutional for failure to require a warrant for inspections, while awaiting trial, sued in a State Superior Court for a writ of prohibition, which the court denied. Relying on *Frank v. Maryland,* 359 U. S. 360, and similar cases, the district court of appeal affirmed, holding that the ordinance did not violate the Fourth Amendment. The state supreme court denied a petition for hearing.

**The Supreme Court of the United States issued its Opinion in *Camara & See*:**

*The Supreme Court of the United States reversed the state's opinion in <u>Camara</u> and <u>See</u> during 1967* **in, <u>387 U.S. 541 (1967)</u>, the Supreme Court adjudged the following:**

In <u>See</u>, the Court ruled that a warrant is required under the Fourth Amendment of the United States Constitution to allow administrative entry and inspection of a private business.

5

In *Camara* 1. The court ruled the Fourth Amendment bars prosecution of a person who has refused to permit a warrantless code enforcement inspection of his property. *Frank v. Maryland, pro tanto* overruled. Pp. 387 U. S. 528-534.

(a)     The basic purpose of the Fourth Amendment, which is enforceable against the States through the Fourteenth, through its prohibition of "unreasonable" searches and seizures is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials. P. 387 U. S. 528.

(b)     With certain carefully defined exceptions, an unconsented warrantless search of private property is "unreasonable." Pp. 387 U. S. 528-529.

(c)     Contrary to the assumption of *Frank v. Maryland*, Fourth Amendment interests are not merely "peripheral" where municipal fire, health, and housing inspection programs are involved whose purpose is to determine the existence of physical conditions not complying with local ordinances.

(d)     Warrantless administrative searches cannot be justified on the grounds that they make minimal demands on occupants.

10.     Thus, Jeffco's acts of trespass, surveillance, search and seizure of Mr. McDonald private property were illegal, unconstitutional and in violation of Supreme Court precedent.

## II.     COMPLAINT

### JEFFCO'S TRESPASS; UNREASONABLE SEARCH AND SEIZURE

11.     There is no dispute that Defendants, Amy Reistroffer, Madison Pitts, Jeremy Cohen, and Aly Dressler admit they trespassed the subject farm's gated private road which warned against trespass with clearly labeled signage stating "no trespassing" and "private road." Jeffco employees knew if they proceeded past the gated entrance, they would be trespassing onto private property. Thus, there is no dispute, the Jeffco Defendants knew they were trespassing the subject farm's private gated road. **Exhibit 1**.

12.     As provided in Plaintiff's trespass warning on his gated private road and property, it was clearly established that Defendants would be trespassing the farm's private road if they

transgressed the farm's private gate. Thus, the Defendants were reasonable warned they would be trespassing if they transgressed gated property.

13. The Supreme Court of the United States has long standing law regarding **Individual Capacity:** Under §1983 a defendant sued in an individual capacity may be subject to personal liability and/or supervisory/county liability." Brown v. Montoya, 662 F.3d 1152, 1163 (10th Cir. 2011). "Personal liability `under § 1983 must be based on personal involvement in the alleged constitutional violation.'" Brown v. Montoya, 662 F.3d at 1163 (quoting Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)). It's quite clear and irrefutable the Defendants named in this action were the individuals who trespassed the subject farms gated private road and conducted a search of the Plaintiff's private property without warrant. **Exhibit 2; Exhibit 3 and Exhibit 4.**

14. It is a material fact, the Defendants individually trespassed the gated private road over a series of years and proceeded to the subject farm location over those several years to conduct an illegal and unreasonable search and seizure of Plaintiff's property without warrant and or without any court order of any kind, in violation of provisions of the United States Constitutions. All of the named Defendants are employees of Jefferson County, Colorado. Counties have a constitutional responsibility to protect people within their boundaries from constitutional violations. Jeffco found no violations.

15. The Constitution did not prevent the Defendants from obtaining a legal right to trespass via a court order. The United States Supreme Court overruled its prior decision in *Will v. Michigan Dept. of State Police*, during 1991. The Supreme Court now holding "[W]e reject this reading of *Will* and hold that state officials sued in their individual capacities are "persons" for purposes of § 1983. Personal-capacity suits, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "[o]n the merits, to establish *personal* liability in a §

1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."

16. "Through § 1983, Congress sought "to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position." *Monroe v. Pape*, 365 U.S. 167, 172 (1961). Accordingly, it authorized suits to redress deprivations of civil rights by persons acting "under color of any [state] statute, ordinance, regulation, custom, or usage." See 42 U. S. C. § 1983; 1985; and 1986.

17. The requirement of action under color of state law means that Jeffco may be liable for their acts and refusal to act under law, precisely because of its mistaken authority as County government.

18. The Supreme Court of the United States was asked in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), if sued in their official capacity, are local government officials and organizations such as a school board considered "persons" for the purpose of liability for back wages? The conclusion of the Supreme Court was "YES."

19. SCOTUS overruled their previous decision in *Monroe v. Pope* and ruled afresh in a 7-2 majority, the court ruling, the legislative history of the Civil Rights Act of 1871, and specifically the Sherman Amendment, indicated municipalities are liable for the infringement of constitutional rights. Additionally, by 1871 there was a clear legislative and precedent-based history for municipal corporations — such as a school board — to be considered a "person" for the purpose of lawsuits and liability.

20. Jeffco employee's acts in violation of the Constitution were approved by their supervisor and are a standing Jeffco county policy. Because a defendant's supervisor under § 1983's "personal-involvement requirement does not mean that direct participation is necessary." *Pahls v.*

*Thomas*, 718 F.3d at 1225 (10th Cir. 2013). To prevail on a §1983 claim against a defendant-supervisor, a plaintiff need only establish "an `affirmative link' between the supervisor and the constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013)(citing *Dodds v. Richardson*, 614 F.3d at 1195 (10th Cir. 2010).

21. It's crystal clear on its face, Jefferson County has a standing policy allowing its employees to violate the Constitution by their exhibited illegal conduct against Plaintiff. Evidence in the record and this brief clearly establishes that all, of the Defendants trespassed the subject farm's private gated road which contained warning signage regarding illegal trespass to conduct an illegal search.

Ultimately, the United Sates Supreme Court has ruled and maintains to this day:

""" We hold that state officials, sued in their individual capacities, are "persons" within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the "official" nature of their acts."" *Hafer v. Melo*, 502 U.S. 21 (1991).

### III.  SUPERVISOR & COUNTY CAPACITY

22. **Supervisor/County Capacity**: A county supervisor under § 1983's "personal-involvement" requirement does not mean direct participation is necessary." *Pahls v. Thomas*, 718 F.3d at 1225 (10th Cir.2013). To prevail on a §1983 claim against a supervisor, a plaintiff need only establish "an `affirmative link' between the supervisor and the constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013)(citing *Dodds v. Richardson*, 614 F.3d at 1195).

23. Ultimately, besides the named Defendants who are employees of the county, Jeffco may itself be labile for its unconstitutional conduct and for violation of Defendant's civil rights because it as has a stated policy of violating the Constitution.

### IV.   PLAINTIFF'S ROAD UNDER LAW IS A PRIVATE ROAD

24. Since 1953 Colorado law has defined the difference between private and public roads. See Colorado Supreme Court's decision <u>Curtis v. Lawley</u>, 346 P.2d 579 (1959) where the court ruled:

> **A public highway is defined as:**
>
> "(a) the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel; or (b) the entire width of every way declared to be a public highway by any law of this state." C.R.S. '53, 13-1-1(20).
>
> **A private roadway is defined as:**
>
> "every road or driveway not open to the use of the public for purposes of vehicular travel." C.R.S. '53, 13-1-1(21).

25. Jeffco does not publicly maintain the subject private road, nor do they pave the subject private road, nor do they plow the subject private road, nor do they light the subject private road, and Jeffco does not provide drainage or any other services on the subject private road.

26. In addition, if Jeffco Defendants where to change the subject road classification without notice they would again be subject to a constitutional violation for due-process. See the United States District Court's Judgment in <u>Stanley v. Gallegos</u>, Civ No. 11-1108 (2018) GBW/JHR.

> """Having rejected these "standing" arguments, the court concluded that, if the County could not show an "interest that would counterbalance [plaintiff's] interest in obtaining a fair hearing on her position," the County would have "violated [plaintiff's] right to due process if it declared the **road public** without giving her notice and an adequate opportunity to be heard.""""

27. The Plaintiff's constructed gate prohibits the public's trespass. It's clear, the intent was and is to prevent the public access. See "by constructing a gate across a road, a landowner conveys the

clear message that any public use of that road is with the landowner's permission only. *MARALEX RESOURCES, INC. v. Chamberlain*, Case 12ca2575 (Colo.App. 2014). There is no doubt the Plaintiff's private road is just that, a "private road" closed to the public as a matter of statute and common law.

### V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

*42 U.S.C. §1983 – 4th Amendment Violation – Illegal Search-trespass*
(against all Defendants)

28. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

29. When Defendant's suddenly without warning and without warrant trespassed the subject farm's gated private road to conducted their illegal and unreasonable search of the farm operation known as the Vine Ranch Farm, they violated Mr. McDonald's civil rights secured by the Fourth and Fourteenth Amendment of the United States Constitution and Article II, Section 7 of Colorado's Constitution.

30. The Fourth and the Fourteenth Amendment of the United States Constitution—and Article II, Section 7, of the Colorado Constitution—provides person of Colorado and citizens of the United States hold certain rights, most notably, have the right to be free from unreasonable searches and seizures by the government.

31. When the Defendants were asked how they we able to trespass the subject farm's private gate, they revealed their co-conspirator John/Jane Doe provided the private gate code.

32. Defendant's all spoke when asked about their illegal trespass and illegal search, they had been trained by Jeffco that they held special privilege to trespass private property to conduct search and seizure without warrant.

33. Defendant's when asked if they held a warrant to search the subject farm operation, stated they did not need a court order to search the premises.

34. The Fourth and Fourteenth Amendments of the United States Constitution forbids and protects individuals from unwarranted search without warrant.

35. The Colorado Constitution, Article II, Section 7, in addition, protects citizens of Colorado from illegal and unreasonable search and seizure.

36. Mr. McDonald's right to be free from unreasonable search as described herein was clearly established at the time the Defendant's trespassed and John/Jane Doe filed their nuisance complaint giving unauthorized access to the private road and gated property.

37. Defendant's and John/Jane Doe effectuated Mr. McDonald's injuries. All of the Defendants clearly stated they did not need a warrant to trespass private road and gated farm property to conduct a search of the subject property. Defendant's and John/Jane Doe both approved and directed the assaults on the subject farm operation, with deliberate indifference to the rights held by Mr. McDonald under the Fourth and Fourteenth Amendment to the United States Constitution.

38. Defendants' sudden appearance and illegal and unreasonable search and extended assault upon Mr. McDonald's Constitutional rights caused him to experience terror and fear for security and privacy of his private property and business property. The experience of this event caused and continues to cause Mr. McDonald trauma and emotional distress, along with the lasting injuries from the invasion of his right to privacy.

**SECOND CLAIM FOR RELIEF**
*Colorado Constitution – Article II, Section 7 Violation – Illegal Search*
(against all Defendants)

39. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

40. When the Defendant's and John/Jane Doe suddenly without warning and without warrant trespassed the subject farm's gated private road to conducted their illegal search of the farm operation known as the Vine Ranch Farm they violated the Article II, Section 7 of Colorado's Constitution and therein Mr. McDonald civil rights.

41. Article II, Section 7, of the Colorado Constitution—provides Colorado citizens certain rights, most notably, the right to be free from unreasonable searches and seizures by the government.

42. When Defendants were asked how they we able to trespass the subject farm's private gate, they revealed their co-conspirator provided the private gate code.

43. Defendant's all spoke when asked about their illegal trespass and illegal search they had been trained by Jeffco, that they held special privilege to trespass private property to conduct search and seizure.

44. Defendant's when asked if they held a warrant to search the subject farm operation stated they did not need a court order to search the premises.

45. The Fourth and Fourteenth Amendments of the United States Constitution forbids and protected individuals from unwarranted search without warrant.

46. The Colorado Constitution, Article II, Section 7, in addition, provides and protects citizens of Colorado from illegal search and seizure.

47. Mr. McDonald's right to be free from unreasonable search as described herein was clearly established at the time the Defendants, trespassed and John/Jane Doe filed their nuisance complaint giving unauthorized access to the Mr. McDonald's private road and gated property.

48. Defendants and John/Jane Doe directly caused Mr. McDonald's injuries. All of the Cross/Complaint Defendants stated they did not need a warrant to trespass private road and gated farm property to conduct a search of the subject property. The Cross/Complaint Defendants and John/Jane Doe directed the assaults on the subject farm operation, with deliberate indifference to the rights held by Mr. McDonald under the Fourth and Fourteenth Amendment to the United States Constitution and the Colorado Constitution.

49. Defendants' sudden appearance and illegal search and extended assault upon Mr. McDonald Constitutional rights caused him to experience terror and fear for security and privacy for himself and his property. The experience of this event caused and continues to cause Mr. McDonald trauma and emotional distress, along with the lasting injuries from the invasion of his right to privacy.

### THIRD CLAIM FOR RELIEF
*42 U.S.C. § 1983 – 4th & 14th Amendment Violation – Municipal Liability for Unconstitutional Custom/Practice, Failure to Train, Failure to Supervise*
(against Defendant Jefferson County, Colorado)

50. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

51. All of the acts described herein were done by Defendant's intentionally, knowingly, willfully, wantonly, maliciously, and in recklessly disregard for Mr. McDonald's federally and State protected rights, and were done pursuant to Jefferson Counties pre-existing and ongoing deliberately indifference to both the United States and Colorado Constitutions under color of law.

52. Defendant, Jefferson County, Colorado under color of state law intentionally, knowingly, willfully, wantonly, maliciously, and recklessly in disregard for Mr. McDonald's federally and State protected rights, trained its employees to violate a person's right to privacy secured under provisions of the Fourth and Fourteenth Amendment of the Unite States Constitution.

53. Jefferson County exhibits pre-existing and ongoing deliberately indifference to the Constitution by training its employees to disregard a person's right to privacy, and unreasonable searching property.

54. Jefferson County's custom and practice is to permit its employees to aggressively encroach upon a person's right to privacy by committing unwarranted search of property in violation the Fourth and Fourteenth Amendments of the United States Constitution.

55. It is the custom and practice of Jefferson County to train its employees to violate the United States Constitution and Colorado Constitution. Jefferson County has been repedatly warned against this practice, procedure, and custom in violating a person right to privacy and unreasonable search of private property in violation of rights secured by the Constitution without warrant.

56. Through the Defendant's and Jefferson County, Colorado continuous ratification of unconstitutional searches, prosecutions, fines, and unconstitutional taxes. Defendant Jefferson County has condoned and is the driving force and source of the unconstitutional acts and conduct that has damaged the Defendant.

57. Defendant Jefferson County, Colorado failed to properly train and supervise its employees to avoid their foreseeable use of unlawful trespass, unlawful search, unlawful seizures and abuse of their governmental powers under color of law.

58. Defendant Jefferson County's policies, customs and practices in failing to properly train and supervise its employees were the moving force and proximate cause of the violations to Mr. McDonald's constitutional and civil rights.

59. The custom, policy and practice of Defendant, Jefferson County of encouraging, condoning, tolerating, and ratifying the unreasonable and excessive use of illegal searches and excessive tax abuse on citizens, as described herein, were the moving force behind and the proximate cause of the violations and damages to Mr. McDonald constitutional rights.

60. Upon information and belief, Defendant, Jefferson County has been deliberately obfuscatory and in other litigation involving illegal searches claims against its employee's, has made concerted efforts to withhold, destroy, conceal and delay the release of documents and correspondence that relate to the unconstitutional policies, customs, and practices set forth above, and which also evidence Defendant Jefferson County's unconstitutional practices, customs, failures to train, and supervise defendant employees as set forth above.

61. The acts or omissions of Defendant Jefferson County, Colorado caused Mr. McDonald to suffer mental pain, anguish among other injuries, damages and business losses.

62. The actions and omissions of Defendant Jefferson County, Colorado as described herein deprived Mr. McDonald of the rights, privileges, liberties, and immunities secured by the Constitution of the United State of America, the State of Colorado secured under Constitution and has caused Mr. McDonald other damages.

### FOURTH CLAIM FOR RELIEF
*Nuisance complaint in violation of C.R.S. §35-3.5-102(1)*
(against Defendant John/Jane Doe)

63. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

64. All of the acts described herein were encouraged and initiated by Defendant John/Jane Doe in concert with Defendant, Jefferson County, Colorado intentionally, knowingly, willfully, wantonly, maliciously, and recklessly in disregard for Mr. McDonald's federally and State protected rights, and were done pursuant to Jefferson Counties pre-existing and ongoing deliberately indifference to both the United States and Colorado Constitutions under color of law.

65. Jeffco encourages and promotes nuisance complaints by unknown individuals. Jeffco then conceals the identity of these individuals in violation of Colorado Open Records Act, (CORA).

66. John/Jane Doe files numerous nuisance complaints against the Vine Ranch because they seek to end the farm operations on agricultural land because they have built million-dollar homes on surrounding agricultural land.

67. John/Jane Doe in furtherance to that end, swat the Vine Ranch's farm operation making numerous false statements to neighbors surrounding the subject farm to entice and disrupt the farm operations and to create other complaints.

68. John/Jane Doe in furtherance to ending the Vine Ranch's operations filed false and misleading information to Jeffco Planning and Zoning to encourage others to also file false complaints.

69. John/Jane Doe in furtherance to stopping the Vine Ranch's Farm operation filed numerous false and nuisance complaints to stop the approved construction of the Vine Ranch Farm's underground greenhouses and two above ground houses.

70. The exchanges between John/Jane Doe and Jefferson County, Colorado is intended to end the Vine Ranch's Farm operation. The false and nuisance complaints filed to stop farming operations are in breach of state law and the Constitution. Defendant, John/Jane Doe who live on agricultural land do not farm. Their take a no prisoners approach seeking to end any and all farm

operations on agricultural land, shocks the conscience, as food insecurities are rampant in Colorado under the Covid-19 pandemic. The loss of farming operations is epidemic in the front range.

71. Defendant John/Jane Doe are directly responsible for numerous nuisance complaints against the Vine Ranch Farm. Those nuisance complaints have resulted in delayed development of the Vine Ranch Farm operation, financially damaging Mr. McDonald.

72. Defendant John/Jane Doe, actions as described herein deprived Mr. McDonald from farm profits and deprived him of rights, privileges, liberties, and immunities secured by the Constitution of the United States of America and the Colorado Constitution and have caused other damages.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendants and grant and allow further prayers for relief as discovery allows and requests the following relief as of this date:

a. Declaratory and injunctive relief, as appropriate;
b. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, loss of liberty, privacy, sense of security and individual dignity, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;
c. All economic loses and damages on all claims allowed by law to be established at trial;
d. Punitive damages on all claims allowed by law ad in an amount to be determined at trial;
e. Issuance of an Order mandating appropriate equitable relief, including, but not limited to:
    1. The imposition of policy changes designed to avoid future unconstitutional conduct by Jefferson County, Colorado;
    2. Mandating training designed to prevent future similar misconduct by Jefferson County, Colorado;
    3. Attorney' fees and costs on all claims allowed by law;
    4. Pre and post judgment interest at the lawful rate;
    5. Penalties and punishment against Jefferson County, Colorado to curb its unconstitutional conduct; and

Case No. 1:22-cv-01672-LTB   Document 6-1   filed 07/22/22   USDC Colorado   pg 19 of 19

6. Any further relief that this Court deems just and proper, and any other relief as allowed by law.

## REQUEST FOR TRAIL BY JURY

PLAINTIFF requests trial to a jury on all issues so triable.

Respectfully submitted this 5th day of July, 2022.

*/s/ Reed McDonald*

Reed McDonald
5856 S. Lowell Blvd.
UPS/163
Littleton, Colorado 80123
Kirkmcdonald56@gmail.com
720-589-3160